Mohinder **PARMAR**, Plaintiff–Appellee,

v.

**JEETISH IMPORTS, INC.,**
**Defendant–Appellant.**

**No. 98–9340.**

United States Court of Appeals,
Second Circuit.

June 7, 1999.

Michael B. Wolk, N.Y., N.Y., for appellant.

Kenneth A. Goldberg, N.Y., N.Y., for appellee.

Before: KEARSE, POOLER, Circuit Judges, POLLACK, District Judge *.

In the present Title VII matter, defendant, a private entity, filed an appeal from the district court's denial of its motion to dismiss the complaint on statute-of-limitations grounds. Because such a denial is an interlocutory order, and because the prerequisites to an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) had not been met, this Court dismissed the appeal for lack of appellate jurisdiction.

■■■■ Plaintiff has moved for an order requiring defendant to pay him double costs, attorneys' fees, and damages in connection with the appeal. Defendant has opposed, contending principally that the denial of a motion to dismiss a Title VII complaint on statute-of-limitations grounds is immediately appealable under the collateral order doctrine. That contention is meritless under well established principles. To come within that doctrine, an order must at a minimum (1) " 'conclusively determine the disputed question,' " (2) " 'resolve an important issue completely separate from the merits of the action,' " and (3) " 'be effectively unreviewable on appeal from a final judgment.' " *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). At least two of these conditions are absent here. First, the denial of defendant's motion to dismiss did not conclusively determine its statute-of-limitations defense. All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain. *See* Fed.R.Civ.P. 54(b); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir.1982) ("whether the case *sub judice* be civil or criminal[,] so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory

orders, and can reconsider them when it is consonant with justice to do so" (internal quotation marks omitted)), *cert. denied*, 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983). Second, the denial of a statute-of-limitations defense may effectively be reviewed on appeal from a final judgment. "[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." *Richardson–Merrell Inc. v. Koller*, 472 U.S. at 436, 105 S.Ct. 2757.

Defendant's additional contention that it believed an immediate appeal was available because the statute-of-limitations applicable to Title VII confers an "immunity" is frivolous.

This is not the first premature appeal filed in this Court in this case. In No. 97–9040, related defendants represented by the same attorney also attempted an appeal from a nonappealable, nonfinal order. That appeal too was dismissed by this Court, *sua sponte*, for lack of appellate jurisdiction.

■■■ Defendant asserts that plaintiff has engaged in vexatious tactics in the district court. Those assertions are not properly before us. To the extent that plaintiff has engaged in culpable litigation conduct in the district court, defendant is free to move for sanctions against him in that court. But even if culpable, plaintiff's conduct cannot excuse the defense's frivolous invocations of appellate jurisdiction.

On the basis of the foregoing, it is hereby ordered that plaintiff's motion for sanctions be and it hereby is granted to the extent that plaintiff is awarded (1) double costs on this appeal, in an amount to be determined by the Clerk of this Court, and (2) reasonable attorneys' fees in connection with this appeal and this motion for sanc-

* Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

tions, in an amount to be determined by the district court.