

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2000

# Bines v. Kulaylat

Precedential or Non-Precedential:

Docket 98-1635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Bines v. Kulaylat" (2000). *2000 Decisions.* Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 12, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1635

FRANK BINES

v.

N. KULAYLAT;

MITCHELL SADAR; N. HOLLAND-HULL;
SADAR PSYCHOLOGICAL SERVICE;

DENNIS MOYER, Dr.; DORIS STABLEY;
SKIP FIELDS; SPECIAL NEEDS UNIT, S.N.U.;
MARY ANN WILLIAMS; THOMAS D. STACHELEK, MR.;

DONALD T. VAUGHN, MR.;
DEPARTMENT OF CORRECTIONS

NUHAD KULAYLAT, M.D.,
        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 96-cv-01528)

District Judge: Honorable Robert S. Gawthrop, III

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2000

BEFORE: NYGAARD, ALITO, and GIBSON,*
Circuit Judges.

(Filed: June 12, 2000)

_____

* The Honorable John R. Gibson, United States Circuit Judge for the
Eighth Circuit Court of Appeals, sitting by designation.

Alan S. Gold, Esq.
Monaghan & Gold
7837 Old York Road
Elkins Park, PA 19027

 Attorney for Appellant

Robert K. Kalmbach, Esq.
418 West State Street
Kennett Square, PA 19348

 Attorney for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellee Frank Bines, a state prison inmate, alleges that numerous defendants are liable for providing him with inadequate medical care during his incarceration. Appellant Nuhad Kulaylat, a contract physician, is one of the defendants named in Bines' complaint. Kulaylat moved for summary judgment based, inter alia, on a good-faith defense. The District Court denied the motion, concluding that genuine issues of material fact remain in dispute. Kulaylat appeals, arguing that the District Court erred by denying summary judgment based on his good-faith defense because the record does not contain any evidence that he acted in bad faith. He further argues that Bines waived any opposition to the defense when he failed to respond to the motion for summary judgment. Although he failed to assert it as a basis for summary judgment, Kulaylat now asks us to decide whether he is entitled to qualified immunity.

We do not reach the merits of Kulaylat's arguments, because we hold that an order denying summary judgment based on a good-faith defense does not constitute a final, collateral order appealable under 28 U.S.C. S 1291. Because we hold that such an order is not final, and that the qualified-immunity issue is not properly before us, we will dismiss this appeal for lack of jurisdiction.

I. Background

At all times relevant to this appeal, Frank Bines was an inmate at the Commonwealth of Pennsylvania's State Correctional Institution at Graterford. Dr. Nuhad Kulaylat was a private physician who worked as an independent contractor for Correctional Physician Services, Inc. Correctional Physician Services was a private corporation under contract with the Pennsylvania Correctional System to provide certain specified medical services to Graterford's inmates. Through this chain of contractual relationships, Bines was referred to Kulaylat for medical treatment.

During a November 1995 medical consultation, Kulaylat informed Bines that Bines was infected with the human immunodeficiency virus (HIV). The virus had apparently caused lymph nodes on Bines' neck and chest to swell and harden. Complaining that the swelling was painful, Bines requested that Kulaylat either resect the lymph nodes or prescribe palliative medication. Kulaylat concluded that there was no medical reason to excise the swollen lymph nodes and declined to do so. He also concluded that "Bines did not show any indication of suffering from severe and substantial pain as a result of the lymph nodes," and so prescribed no pain medication at that time. See App. at 93a.

Over the next two months, Kulaylat examined Bines on at least two more occasions. Each time, Bines renewed his request that his swollen lymph nodes be removed, or that Kulaylat prescribe medication to ease the pain they were causing. Each time, Kulaylat concluded that neither were medically necessary. He did, however, prescribe other medications, as well as nutritional supplements, to treat other symptoms associated with Bines' HIV infection.

In February 1996, Bines filed a civil complaint against the Pennsylvania Department of Corrections, various Department employees, Kulaylat and a number of other private defendants. Although the complaint alleged numerous violations of various constitutionally protected rights, only one claim is relevant to this appeal. According to that claim, Bines alleged that the defendants had acted with deliberate indifference to his medical needs and

3

violated the Eighth Amendment's protection against cruel and unusual punishment. For present purposes, we need not recite the allegations more specifically except to note that Bines accused Kulaylat of acting with deliberate indifference by repeatedly declining Bines' requests to treat his painful and swollen lymph nodes.

In his answer to Bines' complaint, Kulaylat pleaded twenty-three separate affirmative defenses, including both qualified immunity and good faith. He subsequently moved the District Court for summary judgment based on, inter alia, his good-faith defense. Although the motion also asserted three other grounds for summary judgment, qualified immunity was not among them. Bines did not oppose the motion. See Dist. Ct. Order at 2.

The District Court rejected Kulaylat's motion for summary judgment on all grounds asserted therein. With respect to Kulaylat's good-faith defense, the court concluded that summary judgment was inappropriate because there remained genuine issues of material fact concerning Kulaylat's state of mind. In other words, the District Court concluded that the "sparse" record before it was insufficient to support Kulaylat's claim that he had treated Bines in the good-faith belief that his treatment did not deprive Bines of his constitutional rights. See Dist. Ct. Order at 4; see also Def.'s Motion for Summary Judgment at 6:17-19 (App. at 66a). The court also noted, however, that Kulaylat could renew his motion once the record had been further developed. See id. Instead, Kulaylat filed this interlocutory appeal, arguing that the District Court erred by denying summary judgment on his good-faith defense. He also asks us to determine in the first instance whether he is entitled to qualified immunity.

II. Discussion

A. The Good-Faith Claim

As a general rule, we have no jurisdiction under 28 U.S.C. S 1291 to review interlocutory orders such as a denial of summary judgment. Nevertheless, the collateral-order doctrine excepts a narrow range of interlocutory

decisions from the general rule. See Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541, 69 S. Ct. 1221 (1949); We, Inc. v. City of Philadelphia, 174 F.3d 322, 324 (3d Cir. 1999).

There is no question that orders denying absolute immunity are reviewable on interlocutory appeal. See e.g., Nixon v. Fitzgerald, 457 U.S. 731 (1982); Helstoski v. Meanor, 442 U.S. 500 (1979); Abney v. United States, 431 U.S. 651 (1977). In Mitchell v Forsyth, the Supreme Court extended the doctrine to include denial of claims to qualified immunity, though only to the extent such denial turns on an issue of law rather than fact. 472 U.S. 511, 525 (1985).

The Supreme Court has not decided whether denial of summary judgment based on a good-faith defense can ever fall within the collateral-order doctrine. We have not, nor has any other circuit court of appeals, decided the issue. Nevertheless, we find our course amply guided by previous decisions in which we have addressed the collateral-order doctrine. Those decisions clearly indicate that denial of summary judgment based on a good-faith defense does not permit an interlocutory appeal.

We have repeatedly expressed our concern that the collateral-order doctrine not "swallow" thefinal-judgment rule, and have " `consistently construed the [doctrine] narrowly rather than expansively.' " Transtech Indus., Inc. v. A&Z Septic Clean, 5 F.3d 51, 57 (3d Cir. 1993) (quoting Lusardi v. Xerox Corp., 747 F.2d 174, 176-77 (3d Cir. 1984) and citing Praxis Properties, Inc. v. Colonial Sav. Bank, s.l.a., 947 F.2d 49, 54 (3d Cir. 1991)); see also We, Inc., 174 F.3d at 324; Demenus v. Tinton 35 Inc., 873 F.2d 50, 53 (3d Cir. 1989); Borden Co. v. Syk, 410 F.2d 843 (3d Cir. 1969)).

In deciding whether a challenged order fits within the collateral-order doctrine, we have applied the three-prong analysis established in Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S. Ct. 2454 (1978). See Transtech Indus., 5 F.3d at 56-57. To fall within the doctrine, "the order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separable from the merits of

the action; and (3) be effectively unreviewable on appeal from a final judgment." Transtech Indus. , 5 F.3d at 55 (citing Coopers & Lybrand, 437 U.S. at 468, 98 S. Ct. at 2457).

Applying those factors in this case, we first conclude that denial of summary judgment based on Kulaylat's good-faith defense does not conclusively determine the disputed question. The District Court has merely concluded that the current record leaves open genuine issues of material fact concerning Kulaylat's state of mind at the time he treated Bines. The court left open the possibility that Kulaylat could renew his motion for summary judgment once the record is more fully developed.

In any event, denial of summary judgment does not preclude Kulaylat from asserting, or the fact finder from accepting, his good-faith defense at trial. And, significantly, unlike qualified immunity, a successful good-faith defense merely protects the defendant from liability, not from suit. See Wyatt v. Cole, 504 U.S. 158, 165 (1992) (concluding that the entitlement to a good-faith defense would not entitle private parties to the qualified immunity from suit accorded to government officials). Cf. We, Inc., 174 F.3d at 330 (holding that the Noerr-Pennington doctrine provides immunity from liability, not from suit).

Second, Kulaylat's good-faith claims are not completely separable from the merits of the underlying action. Unlike the objective test applied to claims of qualified immunity, see Harlow v. Fitzgerald, 457 U.S. 800 (1982), good faith turns on the defendant's subjective state of mind. We cannot determine whether Kulaylat acted with deliberate indifference to Bines' serious medical needs without addressing factual questions that the District Court has yet to resolve.

Third, Kulaylat's good-faith defense will not be effectively unreviewable on appeal from final judgment. As already noted, the defense, if accepted, does not make him immune from suit. Thus, requiring him to await final judgment before bringing his appeal would not cause the irretrievable loss of any right to which he is entitled. If the jury returns a verdict against him, Kulaylat may still move the court to

6

grant judgment as a matter of law, or to grant a new trial. If the court declines, he may still appeal the final judgment to this court. Thus, Kulaylat's good-faith claim fails to satisfy any of the collateral-order doctrine's three requirements for interlocutory appeal. We therefore hold that we lack jurisdiction to review denial of that claim in this interlocutory appeal.

B. The Qualified-Immunity Claim

In addition to seeking interlocutory review of his good-faith defense, Kulaylat also invites us to consider his claim to qualified immunity. We decline to do so because Kulaylat failed to raise qualified immunity as a basis for summary judgment. As a general rule, we will not review an issue on appeal that has not been raised below. See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1115 (3d Cir. 1993); see also Singleton v. Wulff , 428 U.S. 106, 120 (1976). Although we have made exceptions where failure to consider the issue would result in manifest injustice, see Pritzker, 7 F.3d at 1115 (citing Houghton v. American Guar. Life Ins. Co., 692 F.2d 289, 294 (3d Cir. 1982)), we find no potential for manifest injustice here. The interlocutory nature of this appeal leaves Kulaylat with full opportunity to assert his qualified-immunity claim in the District Court.

The only remaining questions, which revolve around Kulaylat's subjective state of mind, are factual rather than legal. The District Court concluded that "[v]iewed in the light most favorable to the plaintiff, [the record] establishes a material fact concerning Dr. Kulaylat's mental state, that is, whether he acted with deliberate indifference." Dist. Ct. Order at 3. Accordingly, we would lack jurisdiction to consider Kulaylat's qualified-immunity claim even had he asserted it as a basis for summary judgment below.

III. Conclusions

Denial of a motion for summary judgment based on a good-faith defense does not satisfy the requirements of the collateral-order doctrine. Accordingly, we hold that we lack

7

jurisdiction to review the good-faith claim presented in this interlocutory appeal.

We further hold that because Kulaylat did not assert his qualified-immunity claim below, he is barred from raising it in this appeal. Therefore, we will dismiss this appeal, and all issues it raises, for lack of appellate jurisdiction.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

8