**BELL ATLANTIC–PENNSYLVANIA, INC.,**

v.

**The PENNSYLVANIA PUBLIC UTILITY COMMISSION;**

John M. Quain, Chairman of the Pennsylvania Public Utility Commission, in his individual and official capacities; Robert K. Bloom, Vice–Chairman of the Pennsylvania Public Utility Commission, in his individual and official capacities; Nora Mead Brownell, Commissioner of the Pennsylvania Public Utility Commission, in her individual and official capacities; Aaron Wilson, Jr., Commissioner of the Pennsylvania Public Utility Commission, in his individual and official capacities; Vincent J. Fumo, State Senator Vincent J. Fumo; Roger A. Madigan, State Senator Roger A. Madigan; Mary Jo White, State Senator Mary Jo White, United States of America, (Intervenor–Plaintiff in D.C.).

MCI Worldcom Network Services, Inc.; MCIMetro Access Transmission Services, LLC; AT&T Communications OF Pennsylvania, Inc.; TCG Pittsburgh; TCG Delaware Valley; Sprint Communications Company, L.P.; The United Telephone Company of Pennsylvania, (Intervenors–Defendants in D.C.).

Vincent J. Fumo; Roger A. Madigan, Mary Jo White, Appellants.

The Pennsylvania Public Utility Commission; John M. Quain; Robert K. Bloom; Nora Mead Brownell; Aaron Wilson, Jr., Appellants.

Nos. 00–2619, 00–2620.

United States Court of Appeals, Third Circuit.

Argued June 21, 2001.

Opinion Filed: Nov. 2, 2001.

Julia A. Conover, Suzan DeBusk Paiva, Verizon Pennsylvania Inc., Philadelphia, PA, John M. Elliott, Henry F. Siedzikowski, Elliott, Reihner, Siedzikowski & Egan, Blue Bell, PA, Mark L. Evans, Geoffrey M. Klineberg, Kellogg, Huber, Hansen, Todd & Evans, Washington, DC, Attorneys for Appellee Bell Atlantic–Pennsylvania, Inc.

Michael R. Stiles, United States Attorney, Stuart E. Schiffer, Acting Assistant Attorney General, Mark B. Stern, Charles W. Scarborough, Kathleen A. Kane, U.S. Dept. of Justice, Civil Division, Appellate Staff, Washington, DC, Attorneys for Appellee United States of America.

Albert G. Bixler, Eckert, Seamans, Cherin & Mellott, Philadelphia, PA, Attorney for Appellants Vincent J. Fumo; Roger A. Madigan, Mary Jo White.

Bohdan R. Pankiw, Chief Counsel, Robert J. Longwell, Deputy Chief Counsel,

Maryanne R. Martin (Argued), Assistant Counsel, Harrisburg, PA, Attorneys for Appellants the Pennsylvania Public Utility Commission; John M. Quain; Robert K. Bloom; Nora Mead Brownell; Aaron Wilson.

Maureen F. Del Duca, Jenner & Block, Jeffrey A. Rackow (Argued), MCI Worldcom, Inc., Washington, DC, Attorneys for Appellees MCI Telecom Corp. and MCIMETRO Access Transmission Services, Inc.

David M. Levy, Stephen B. Kinnaird, Michael L. Post, Sidley & Austin, Washington, DC, Daniel Clearfield, Alan C. Kohler, Joseph C. Crawford, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, Mark A. Keffer, Robert C. Barber, AT&T Communications, Oakton, VA, Attorneys for Appellees AT&T Communications of PA, Inc.; TCG Pittsburgh; and TCG Delaware Valley, Inc.

Counsel on Sovereign Immunity Issues Exclusively Albert G. Bixler, (Argued for Appellants), Susan D. Paiva, (Argued for Appellees).

Before: ROTH, AMBRO and FUENTES, Circuit Judges.

## OPINION OF THE COURT

ROTH, Circuit Judge.

The Pennsylvania Public Utility Commission (PUC), several PUC Commissioners, and several Pennsylvania State Senators appeal the District Court's denial of their motions to dismiss the claims and cross-claims brought against them under the Telecommunications Act of 1996 by Bell Atlantic (now known as Verizon), MCI/Worldcom (Worldcom), and AT&T. The PUC and the Commissioners argue that under the Eleventh Amendment they are immune from suit in federal court and that the claims and cross-claims against them are untimely and barred by res judicata.

For the reasons stated in our decision in *MCI Telecomm. Corp. v. Bell Atlantic–Pennsylvania*, 271 F.3d 491 (3d Cir.2001), decided this day, we will affirm the District Court's denial of the defense of sovereign immunity under the Eleventh Amendment to the United States Constitution. We further hold that we have no jurisdiction to hear the PUC's remaining claims on appeal; we will dismiss them for want of jurisdiction and remand the case to the District Court.

## I. Background

The statutory background of the Telecommunications Act of 1996 and a discussion of its operation is set out in our companion opinion in *MCI Telecomm.* The Act essentially requires incumbent local exchange carriers (ILECs) to share their networks and services with competitive local exchange carriers (CLECs) seeking entry into the local service market.

Verizon, an ILEC, was involved in negotiations with Worldcom, a CLEC, to provide local service in Pennsylvania. These talks were part of several ongoing negotiations for interconnection agreements proceeding before the PUC. In 1998, the PUC initiated discussions aimed at a global settlement of a variety of pending and anticipated issues arising in several different dockets. Competing petitions were filed with the PUC by two groups, one consisting of Verizon and other companies, the other consisting of AT&T, Worldcom, the State Senators, and others who had opposed Verizon in various PUC proceedings.

In September 1999, the PUC issued a Global Order, resolving the issues before it and ordering that the decisions be incorporated into interconnection agreements. Verizon appealed the Global Order to the

Commonwealth Court of Pennsylvania, primarily challenging it on state law grounds. Verizon did assert its federal claims under the 1996 Act in the Commonwealth Court although Verizon claims that this was done solely for the purpose of making a reservation of the federal issues, pursuant to *England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411, 421, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (holding that plaintiff may preserve federal claims by presenting them to state court only for the purpose of informing the state court of their existence and nature).

Verizon then brought suit in federal district court against the PUC and individual PUC Commissioners under § 252(e)(6), challenging terms of the Global Order as being inconsistent with the 1996 Act.[1] Worldcom and AT&T intervened as defendants and counterclaimed and cross-claimed to challenge other aspects of the Global Order. Several Pennsylvania Senators intervened as defendants. The United States intervened as plaintiff to defend the constitutionality of § 252(e).

The Senators, the PUC, and the Commissioners moved to dismiss the suit on grounds, among others, that the PUC and the Commissioners were immune from suit in federal court under the Eleventh Amendment, that Worldcom's and AT&T's cross-claims were untimely, and that the remainder of the claims should be dismissed for failure to state a claim. The District Court denied the motions in all respects.[2]

The PUC, the Commissioners, and the Senators immediately appealed the District Court's decision, not only the Elev-

enth Amendment immunity ruling but also the denial of the bar of the statute of limitations and res judicata.

## II. Collateral Order Doctrine

■ With certain exceptions not applicable here, we may take jurisdiction of appeals only from the entry of a final judgment by a District Court. *See* 28 U.S.C. § 1291; *Cunningham v. Hamilton County*, 527 U.S. 198, 200, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). A decision ordinarily is final when it ends the litigation and leaves nothing for the court to do but execute the judgment. *See id.* at 204, 119 S.Ct. 1915 (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988)).

■ The Supreme Court has interpreted the phrase "final decision" in § 1291 to include a narrow class of orders that do not terminate the litigation but are conclusive of a disputed legal question apart from the merits and are effectively unreviewable on appeal from a final judgment in the underlying action. *See Cunningham*, 527 U.S. at 204, 119 S.Ct. 1915; *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). The collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is a practical construction of the final decision rule of § 1291, applicable to a narrow class of decisions that are considered final in the interest of achieving a healthy and efficient legal system. *See Digital*, 511 U.S. at 867, 114 S.Ct. 1992. An order is immediately reviewable under *Cohen* if it 1) conclusive-

---

1. During the pendency of the instant appeal, Verizon notified this Court that it was withdrawing its underlying claims in the District Court. Because the cross-claims and counterclaims remain, the case has not been rendered moot.

2. The District Court also considered and rejected arguments that it should abstain from hearing the case, pursuant to a variety of federal abstention doctrines. The abstention issues have not been appealed and are not before us.

ly determines a disputed legal question, 2) resolves an important issue completely separable from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment. *See Bines v. Kulaylat*, 215 F.3d 381, 384–85 (3d Cir. 2000) (quoting *Transtech Indus., Inc. v. A & Z Septic Clean.*, 5 F.3d 51, 55 (3d Cir. 1993)).

■ Importantly, the collateral order doctrine is narrow and limited to a small class of cases. *See Digital*, 511 U.S. at 868, 114 S.Ct. 1992 ("[T]he 'narrow' exception should stay that way and never be allowed to swallow the general rule."); *see also Bines*, 215 F.3d at 384; *Transtech*, 5 F.3d at 57. The application of the doctrine does not turn on whether the litigation will be speeded along by immediate review. *See Digital*, 511 U.S. at 868, 114 S.Ct. 1992. The fact that an erroneous ruling may result in additional litigation expenses is not alone sufficient to justify immediate review. *See Transtech*, 5 F.3d at 56; *see also* 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3914.6, 529 (recognizing that "much time and money are spent on trial court proceedings that ultimately prove abortive," but stating that the "cost is tolerated because of the fundamental calculus of the final judgment rule").

■ The District Court denied motions to dismiss the complaint and cross-claims by the PUC, the Commissioners, and the Senators. The denial of a motion to dismiss does not end the litigation and ordinarily is not a final order for § 1291 purposes. *See* 15A Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3914.6 at 526 ("Orders refusing to dismiss an action almost always are not final."). We may assert appellate jurisdiction over the issues before us only if they are the types of claims which fall within the narrow class

of decisions immediately reviewable under the collateral order doctrine of *Cohen*.

### A. Sovereign Immunity

■ We have jurisdiction over the Eleventh Amendment issues because the denial of a defense of sovereign immunity is immediately appealable under the collateral order doctrine. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

The sovereign immunity issue in the instant case was consolidated for oral argument with the immunity issue in *MCI Telecomm.*, 271 F.3d 491, decided this day. The legal issues and arguments in both cases are substantially identical and we need not repeat them in the instant opinion. The result on the merits is also the same: Neither the PUC nor the Commissioners have Eleventh Amendment immunity from an action under § 252(e)(6). For the reasons stated in our opinion in *MCI Telecomm.*, we will affirm the District Court's conclusion that the Eleventh Amendment does not bar the actions against the PUC and the Commissioners.

### B. Res Judicata and Statute of Limitations

■ We turn now to the two remaining issues on appeal: the PUC's argument that the claims and cross-claims against it are untimely and are barred by res judicata.

■ The PUC suggested at oral argument that, because we have collateral order doctrine jurisdiction over the sovereign immunity issue, we had the discretion to reach and decide the remaining issues in the interest of judicial economy, regardless of whether those issues are themselves immediately reviewable under the collateral order doctrine. We reject that sugges-

tion. Our appellate jurisdiction is established by statute. We can exercise no jurisdiction other than as provided by statute. The fact that we have jurisdiction over one issue on an appeal does not grant us discretion to decide unrelated issues which lack an independent basis for jurisdiction. *See Triad Assocs., Inc. v. Robinson,* 10 F.3d 492, 496–97 n. 2 (7th Cir.1993) (stating that the fact that court had collateral order jurisdiction to review denial of immunity defense "is not sufficient to confer on us jurisdiction to review other claims presented to the district court" because "[o]therwise nonappealable issues cannot be bootstrapped to an appealable question"). Nor are concerns for judicial economy alone a sufficient consideration to create jurisdiction. *See Digital,* 511 U.S. at 868, 114 S.Ct. 1992.

We reach the merits of the two remaining issues only if they are subject to immediate review under *Cohen.* We conclude that neither the denial of a motion to dismiss on res judicata grounds nor the denial of a motion to dismiss on statute of limitations grounds is immediately appealable under the collateral order doctrine. We lack jurisdiction to address either of these issues on their merits and for the reasons that follow we will dismiss the appeal of these claims for want of appellate jurisdiction.

■ Not only is it generally recognized that the denial of a motion to dismiss on res judicata, or claim preclusion, grounds should not be immediately appealable, *see, e.g., Digital,* 511 U.S. at 873, 114

S.Ct. 1992; *Transtech,* 5 F.3d at 58; *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3911.4 at 424–26, but more particularly the defense of claim preclusion in the instant case fails the first and third prongs of the *Cohen* standard. First, the District Court's decision did not conclusively resolve the claim preclusion issue because the District Court never addressed or resolved it. The Pennsylvania Commonwealth Court decision to which the PUC seeks to accord preclusive effect did not issue until after the District Court had rendered its decision. Although the District Court took explicit notice of the pendency of the state court action, there was no state court decision for it to consider at the time. The court never had an opportunity to address the res judicata effect of the state court judgment and cannot be deemed to have conclusively resolved that legal issue for purposes of collateral order doctrine jurisdiction.[3]

Second, the denial of a defense of claim preclusion is not effectively unreviewable on appeal from final judgment. We have recognized two distinct categories of affirmative defensive immunities: those that provide immunity from suit and those that provide only a defense against liability. *See Puerto Rico Aqueduct,* 506 U.S. at 143–44, 113 S.Ct. 684 (discussing *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)) (distinguishing immunities from suit from defenses to liability); *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal*

---

**3.** We also could decline to address the res judicata issue for a second, unrelated reason: the argument was not raised in the District Court. Our general practice is not to address legal issues not raised below, absent exceptional circumstances. See *Berda v. CBS, Inc.,* 881 F.2d 20, 28 (3d Cir.1989). No such exceptional circumstances are present and neither the PUC nor the Senators point to any

such circumstances. Moreover, Verizon argues that its England reservation in the Commonwealth Court preserved its federal claims and avoids the preclusive effect of the state court decision. The sufficiency and effect of that reservation is in dispute and should be addressed by the District Court in the first instance.

*Practice and Procedure* § 3914.6 at 529 ("[S]ome rights are intended to protect against the burdens of trial, not just the burden of a judgment that, if erroneous, can be reversed on appeal.").

 An immunity from suit generally is grounded in the need to free parties from the costs, burdens, and consequences of having to be party to an action and to defend one's self. Such a right will be forfeited if not vindicated prior to trial, *see Transtech,* 5 F.3d at 56; 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.6 at 529–30; and its denial should be subject to immediate review. *See, e.g., Puerto Rico Aqueduct,* 506 U.S. at 144, 113 S.Ct. 684 (state sovereign immunity immediately appealable); *Mitchell,* 472 U.S. at 526, 105 S.Ct. 2806 (qualified executive immunity immediately appealable); *Larsen v. Senate of Commonwealth of Pennsylvania,* 152 F.3d 240, 245 (3d Cir.1998) (legislative immunity immediately appealable). Defenses to ultimate liability should not be subject to immediate review. *See We, Inc. v. City of Philadelphia,* 174 F.3d 322, 326 (3d Cir.1999) (concluding that *Noerr–Pennington* immunity was defense to liability and not immediately appealable); *Transtech,* 5 F.3d at 58 (holding that defense that suit barred by prior settlement or release is not immediately appealable).

 The fact, however, that a defense may warrant pre-trial dismissal is not dispositive of whether it is immediately appealable. *See Digital,* 511 U.S. at 873, 114 S.Ct. 1992 (rejecting notion that every right that could be enforced by pretrial dismissal can be understood as conferring a right not to stand trial); *We, Inc.,* 174 F.3d at 325 ("Not all defenses that warrant a pretrial dismissal entail a right not to stand trial."). We must determine the essential nature of the right to be protected to decide whether it is an immunity from trial or merely a defense to liability.

 An examination of the doctrine res judicata or claim preclusion reveals that it is better understood as a defense against liability, not an absolute guarantee against having to face a suit. Claim preclusion entitles a party to rely on prior judicial decisions and not to be held liable on claims on which that party previously has prevailed. Claim preclusion is based on concerns of fairness, on reliance on the finality of prior judicial determinations, and on the expectation of not having to conform primary conduct to inconsistent decisions and inconsistent legal obligations. *See E.E.O.C. v. United States Steel Corp.,* 921 F.2d 489, 492 (3d Cir.1990) (stating that claim preclusion fosters reliance on prior judicial decisions by minimizing the possibility of inconsistent judgments). It is not, however, an explicit guarantee that trial will not occur. Unlike qualified immunity or Eleventh Amendment sovereign immunity, claim preclusion is not based on a right to be free from all the costs and burdens of having to be a party to a case in the first instance or from having to defend oneself.

The interests protected by claim preclusion will not be irretrievably forfeited if the PUC must wait until after trial to appeal an erroneous res judicata determination. Perhaps that vindication will come after a delay and at a higher cost, but such cost is insufficient to establish collateral order doctrine jurisdiction.

 We turn now to the denial of the statute of limitations defense. A statute of limitations defense is considered to be of the same mold as claim preclusion. A denial of both is similarly unsuitable for immediate review. *See, e.g., Digital,* 511 U.S. at 873, 114 S.Ct. 1992 (discussing statute of limitations as same type of de-

fense as claim preclusion, both presumptively not immediately appealable as part of a right not to stand trial); *Transtech*, 5 F.3d at 58 (rejecting immediate appealability of denial of defense that suit barred by settlement because recognizing immediate appeal in that circumstance would require recognizing immediate appeal for litigants asserting affirmative and dispositive defense of statute of limitations).

The statute of limitations defense fails the third prong of the *Cohen* standard because it is not effectively unreviewable on appeal from final judgment. *See Brown v. United States*, 851 F.2d 615, 619 (3d Cir.1988); *see also Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir. 1999) ("[T]he denial of a statute-of-limitations defense may effectively be reviewed on appeal from a final judgment."); *Triad*, 10 F.3d at 496 n. 2 ("Limitations issues fail the last prong of this test."). In *Powers v. Southland Corp.*, 4 F.3d 223, 237 (3d Cir. 1993), we held that an order joining a party to a lawsuit despite the lapse of the limitations period was not appealable under the collateral order doctrine. We based that decision on our view that the statute of limitations provided only a right to repose that would not be irreparably lost if appeal must await final judgment. *See id.* at 232–33 (citing *United States v. Levine*, 658 F.2d 113 (3d Cir.1981)).

■ Statutes of limitations are not guarantees that suit and trial will not occur on untimely claims. Limitations periods are designed to foreclose the potential for inaccuracies and unfairness brought about by a finding of liability based on stale evidence. *See Powers*, 4 F.3d at 233 (quoting *Levine*, 658 F.2d at 127). This interest is not in defending against an old claim, but an interest in not being held ultimately liable on that old claim based on old, less reliable evidence. Such an interest is not irretrievably lost if a party must

wait until after final judgment to appeal the adverse ruling and to vindicate the right to be free from liability. Again, the litigation costs may be increased by the delay, but that alone is insufficient to establish jurisdiction.

### III. Conclusion

We will affirm the District Court's denial of the claims of Eleventh Amendment sovereign immunity. We lack appellate jurisdiction of the remainder of the issues on appeal; we will dismiss that portion of the appeal and remand this case to the District Court for further proceedings consistent with this opinion.

AMBRO, Circuit Judge, concurring in part:

I concur in Judge Roth's excellent opinion for the same reasons set out in my concurrence in the companion opinion issued today in *MCI Telecommunication Corp., et al. v. Bell Atlantic–Pennsylvania*, et al., 271 F.3d 491.