

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2001

# Bell Atl PA v. PA Pub Util Comm

Precedential or Non-Precedential:

Docket 00-2619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Bell Atl PA v. PA Pub Util Comm" (2001). *2001 Decisions.* Paper 257.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 2, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 00-2619/2620

BELL ATLANTIC-PENNSYLVANIA, INC.

v.

THE PENNSYLVANIA PUBLIC UTILITY COMMISSION;
JOHN M. QUAIN, Chairman of the Pennsylvania Public
Utility Commission, in his individual and official
capacities; ROBERT K. BLOOM, Vice-Chairman of the
Pennsylvania Public Utility Commission, in his individual
and official capacities; NORA MEAD BROWNELL,
Commissioner of the Pennsylvania Public Utility
Commission, in her individual and official capacities;
AARON WILSON, JR., Commissioner of the Pennsylvania
Public Utility Commission, in his individual and official
capacities; VINCENT J. FUMO, State Senator Vincent J.
Fumo; ROGER A. MADIGAN, State Senator Roger A.
Madigan; MARY JO WHITE, State Senator Mary Jo White

UNITED STATES OF AMERICA
(Intervenor-Plaintiff in D.C.)

MCI WORLDCOM NETWORK SERVICES, INC.;
MCIMETRO ACCESS TRANSMISSION SERVICES, LLC;
AT&T COMMUNICATIONS OF PENNSYLVANIA, INC.; TCG
PITTSBURGH; TCG DELAWARE VALLEY; SPRINT
COMMUNICATIONS COMPANY, L.P.; THE UNITED
TELEPHONE COMPANY OF PENNSYLVANIA
(Intervenors-Defendants in D.C.)

    Vincent J. Fumo; Roger A. Madigan,
    Mary Jo White,
    Appellants (00-2619)

The Pennsylvania Public Utility Commission;
John M. Quain; Robert K. Bloom;
Nora Mead Brownell; Aaron Wilson, Jr.,
Appellants (00-2620)

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 99-cv-05391)
District Judge: Honorable Marvin Katz

Argued June 21, 2001

Before: ROTH, AMBRO and FUENTES, Circuit Judge s

(Opinion filed: November 2, 2001)

Julia A. Conover, Esquire
Suzan DeBusk Paiva, Esquire
Verizon Pennsylvania Inc.
1717 Arch Street, Floor 32N
Philadelphia, PA 19103

John M. Elliott, Esquire
Henry F. Siedzikowski, Esquire
Elliott, Reihner, Siedzikowski
 & Egan
925 Harvest Drive, Suite 300
Blue Bell, PA 19422

Mark L. Evans, Esquire
Geoffrey M. Klineberg, Esquire
Kellogg, Huber, Hansen, Todd
 & Evans
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

 Attorneys for Appellee
Bell Atlantic-Pennsylvania, Inc.

2

Michael R. Stiles
 United States Attorney
Stuart E. Schiffer
 Acting Assistant Attorney General
Mark B. Stern, Esquire
Charles W. Scarborough, Esquire
Kathleen A. Kane, Esquire
United States Department of Justice
Civil Division, Appellate Staff
601 D Street, N.W.
Washington, D.C. 20530

 Attorneys for Appellee
United States of America

Albert G. Bixler, Esquire
Eckert, Seamans, Cherin & Mellott
1515 Market Street, Suite 900
Philadelphia, PA 19102

 Attorney for Appellants
Vincent J. Fumo; Roger A.
Madigan, Mary Jo White

Bohdan R. Pankiw, Chief Counsel
Robert J. Longwell, Deputy Chief
 Counsel
Maryanne R. Martin (Argued)
 Assistant Counsel
Pennsylvania Public Utility
 Commission
P.O. Box 3265
Harrisburg, PA 17105-3265

 Attorneys for Appellants
The Pennsylvania Public Utility
Commission; John M. Quain;
Robert K. Bloom; Nora Mead
Brownell; Aaron Wilson

3

Maureen F. Del Duca, Esquire
Jenner & Block
601 13th Street, N.W., 12th Floor
Washington, D.C. 20005

Jeffrey A. Rackow, Esquire (Argued)
MCI Worldcom, Inc.
1133 19th Street, N.W.
Washington, D.C. 20036

 Attorneys for Appellees
MCI Telecom Corp. and
MCIMETRO Access Transmission
Services, Inc.

David M. Levy, Esquire
Stephen B. Kinnaird, Esquire
Michael L. Post, Esquire
Sidley & Austin
1722 Eye Street, N.W.
Washington, D.C. 20006

Daniel Clearfield, Esquire
Alan C. Kohler, Esquire
Joseph C. Crawford, Esquire
Wolf, Block, Schorr & Solis-Cohen
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097

Mark A. Keffer, Esquire
Robert C. Barber, Esquire
AT&T Communications
3033 Chain Bridge Road
Oakton, VA 22185

 Attorneys for Appellees
AT&T Communications of PA, Inc.;
TCG Pittsburgh; and
TCG Delaware Valley, Inc.

Counsel on Sovereign Immunity
 Issues Exclusively
Albert G. Bixler, Esquire (Argued
 for Appellants)
Susan D. Paiva, Esquire (Argued
 for Appellees)

4

OPINION OF THE COURT

ROTH, Circuit Judge:

The Pennsylvania Public Utility Commission (PUC), several PUC Commissioners, and several Pennsylvania State Senators appeal the District Court's denial of their motions to dismiss the claims and cross-claims brought against them under the Telecommunications Act of 1996 by Bell Atlantic (now known as Verizon), MCI/Worldcom (Worldcom), and AT&T. The PUC and the Commissioners argue that under the Eleventh Amendment they are immune from suit in federal court and that the claims and cross-claims against them are untimely and barred by res judicata.

For the reasons stated in our decision in MCI Telecomm. Corp. v. Verizon Pennsylvania, Inc., [Nos. 00-2257, 00-2258, November 2, 2001] ___ F.3d ___ (3d Cir. 2001), decided this day, we will affirm the District Court's denial of the defense of sovereign immunity under the Eleventh Amendment to the United States Constitution. We further hold that we have no jurisdiction to hear the PUC's remaining claims on appeal; we will dismiss them for want of jurisdiction and remand the case to the District Court.

I. Background

The statutory background of the Telecommunications Act of 1996 and a discussion of its operation is set out in our companion opinion in MCI Telecomm. The Act essentially requires incumbent local exchange carriers (ILECs) to share their networks and services with competitive local exchange carriers (CLECs) seeking entry into the local service market.

Verizon, an ILEC, was involved in negotiations with Worldcom, a CLEC, to provide local service in Pennsylvania. These talks were part of several ongoing negotiations for interconnection agreements proceeding before the PUC. In 1998, the PUC initiated discussions aimed at a global settlement of a variety of pending and anticipated issues arising in several different dockets. Competing petitions

were filed with the PUC by two groups, one consisting of Verizon and other companies, the other consisting of AT&T, Worldcom, the State Senators, and others who had opposed Verizon in various PUC proceedings.

In September 1999, the PUC issued a Global Order, resolving the issues before it and ordering that the decisions be incorporated into interconnection agreements. Verizon appealed the Global Order to the Commonwealth Court of Pennsylvania, primarily challenging it on state law grounds. Verizon did assert its federal claims under the 1996 Act in the Commonwealth Court although Verizon claims that this was done solely for the purpose of making a reservation of the federal issues, pursuant to England v. Louisiana State Bd. of Med. Exam'rs, 375 U.S. 411, 421 (1964) (holding that plaintiff may preserve federal claims by presenting them to state court only for the purpose of informing the state court of their existence and nature).

Verizon then brought suit in federal district court against the PUC and individual PUC Commissioners under S 252(e)(6), challenging terms of the Global Order as being inconsistent with the 1996 Act.1 Worldcom and AT&T intervened as defendants and counterclaimed and cross-claimed to challenge other aspects of the Global Order. Several Pennsylvania Senators intervened as defendants. The United States intervened as plaintiff to defend the constitutionality of S 252(e).

The Senators, the PUC, and the Commissioners moved to dismiss the suit on grounds, among others, that the PUC and the Commissioners were immune from suit in federal court under the Eleventh Amendment, that Worldcom's and AT&T's cross-claims were untimely, and that the remainder of the claims should be dismissed for failure to state a claim. The District Court denied the motions in all respects.2

_____

1. During the pendency of the instant appeal, Verizon notified this Court that it was withdrawing its underlying claims in the District Court. Because the cross-claims and counterclaims remain, the case has not been rendered moot.
2. The District Court also considered and rejected arguments that it should abstain from hearing the case, pursuant to a variety of federal abstention doctrines. The abstention issues have not been appealed and are not before us.

6

The PUC, the Commissioners, and the Senators immediately appealed the District Court's decision, not only the Eleventh Amendment immunity ruling but also the denial of the bar of the statute of limitations and res judicata.

II. Collateral Order Doctrine

With certain exceptions not applicable here, we may take jurisdiction of appeals only from the entry of a final judgment by a District Court. See 28 U.S.C.S 1291; Cunningham v. Hamilton County, 527 U.S. 198, 200 (1999). A decision ordinarily is final when it ends the litigation and leaves nothing for the court to do but execute the judgment. See id. at 204 (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 521–22 (1988)).

The Supreme Court has interpreted the phrase "final decision" in S 1291 to include a narrow class of orders that do not terminate the litigation but are conclusive of a disputed legal question apart from the merits and are effectively unreviewable on appeal from a final judgment in the underlying action. See Cunningham, 527 U.S. at 204; Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867–68 (1994). The collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), is a practical construction of the final decision rule ofS 1291, applicable to a narrow class of decisions that are considered final in the interest of achieving a healthy and efficient legal system. See Digital, 511 U.S. at 867. An order is immediately reviewable under Cohen if it 1) conclusively determines a disputed legal question, 2) resolves an important issue completely separable from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment. See Bines v. Kulayat, 215 F.3d 381, 384–85 (3d Cir. 2000) (quoting Transtech Indus., Inc. v. A&Z Septic Clean., 5 F.3d 51, 55 (3d Cir. 1993)).

Importantly, the collateral order doctrine is narrow and limited to a small class of cases. See Digital , 511 U.S. at 868 ("[T]he `narrow' exception should stay that way and never be allowed to swallow the general rule."); see also Bines, 215 F.3d at 384; Transtech, 5 F.3d at 57. The

7

application of the doctrine does not turn on whether the litigation will be speeded along by immediate review. See Digital, 511 U.S. at 868. The fact that an erroneous ruling may result in additional litigation expenses is not alone sufficient to justify immediate review. See Transtech, 5 F.3d at 56; see also 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure S 3914.6, 529 (recognizing that "much time and money are spent on trial court proceedings that ultimately prove abortive," but stating that the "cost is tolerated because of the fundamental calculus of the final judgment rule").

The District Court denied motions to dismiss the complaint and cross-claims by the PUC, the Commissioners, and the Senators. The denial of a motion to dismiss does not end the litigation and ordinarily is not a final order for S 1291 purposes. See 15A Wright, Miller, & Cooper, Federal Practice and Procedure S 3914.6 at 526 ("Orders refusing to dismiss an action almost always are not final."). We may assert appellate jurisdiction over the issues before us only if they are the types of claims which fall within the narrow class of decisions immediately reviewable under the collateral order doctrine of Cohen.

A. Sovereign Immunity

We have jurisdiction over the Eleventh Amendment issues because the denial of a defense of sovereign immunity is immediately appealable under the collateral order doctrine. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993).

The sovereign immunity issue in the instant case was consolidated for oral argument with the immunity issue in MCI Telecomm., ___ F.3d ___, decided this day. The legal issues and arguments in both cases are substantially identical and we need not repeat them in the instant opinion. The result on the merits is also the same: Neither the PUC nor the Commissioners have Eleventh Amendment immunity from an action under S 252(e)(6). For the reasons stated in our opinion in MCI Telecomm, we will affirm the District Court's conclusion that the Eleventh Amendment does not bar the actions against the PUC and the Commissioners.

8

B. Res Judicata and Statute of Limitations

We turn now to the two remaining issues on appeal: the PUC's argument that the claims and cross-claims against it are untimely and are barred by res judicata.

The PUC suggested at oral argument that, because we have collateral order doctrine jurisdiction over the sovereign immunity issue, we had the discretion to reach and decide the remaining issues in the interest of judicial economy, regardless of whether those issues are themselves immediately reviewable under the collateral order doctrine. We reject that suggestion. Our appellate jurisdiction is established by statute. We can exercise no jurisdiction other than as provided by statute. The fact that we have jurisdiction over one issue on an appeal does not grant us discretion to decide unrelated issues which lack an independent basis for jurisdiction. See Triad Assocs., Inc. v. Robinson, 10 F.3d 492, 496-97 n.2 (7th Cir. 1993) (stating that the fact that court had collateral order jurisdiction to review denial of immunity defense "is not sufficient to confer on us jurisdiction to review other claims presented to the district court" because "[o]therwise nonappealable issues cannot be bootstrapped to an appealable question"). Nor are concerns for judicial economy alone a sufficient consideration to create jurisdiction. See Digital, 511 U.S. at 868.

We reach the merits of the two remaining issues only if they are subject to immediate review under Cohen . We conclude that neither the denial of a motion to dismiss on res judicata grounds nor the denial of a motion to dismiss on statute of limitations grounds is immediately appealable under the collateral order doctrine. We lack jurisdiction to address either of these issues on their merits and for the reasons that follow we will dismiss the appeal of these claims for want of appellate jurisdiction.

Not only is it generally recognized that the denial of a motion to dismiss on res judicata, or claim preclusion, grounds should not be immediately appealable, see, e.g., Digital, 511 U.S. at 873; Transtech, 5 F.3d at 58; see also 15A Wright, Miller, Cooper, Federal Practice and Procedure S 3911.4 at 424-26, but more particularly the defense of

9

claim preclusion in the instant case fails the first and third prongs of the Cohen standard. First, the District Court's decision did not conclusively resolve the claim preclusion issue because the District Court never addressed or resolved it. The Pennsylvania Commonwealth Court decision to which the PUC seeks to accord preclusive effect did not issue until after the District Court had rendered its decision. Although the District Court took explicit notice of the pendency of the state court action, there was no state court decision for it to consider at the time. The court never had an opportunity to address the res judicata effect of the state court judgment and cannot be deemed to have conclusively resolved that legal issue for purposes of collateral order doctrine jurisdiction.3

Second, the denial of a defense of claim preclusion is not effectively unreviewable on appeal from final judgment. We have recognized two distinct categories of affirmative defensive immunities: those that provide immunity from suit and those that provide only a defense against liability. See Puerto Rico Aqueduct, 506 U.S. at 143–44 (discussing Mitchell v. Forsyth, 472 U.S. 511 (1985)) (distinguishing immunities from suit from defenses to liability); see also 15 A Wright, Miller, Cooper, Federal Practice and Procedure S 3914.6 at 529 ("[S]ome rights are intended to protect against the burdens of trial, not just the burden of a judgment that, if erroneous, can be reversed on appeal.").

An immunity from suit generally is grounded in the need to free parties from the costs, burdens, and consequences of having to be party to an action and to defend one's self. Such a right will be forfeited if not vindicated prior to trial, see Transtech, 5 F.3d at 56; 15A Wright, Miller, Cooper,

---

3. We also could decline to address the res judicata issue for a second, unrelated reason: the argument was not raised in the District Court. Our general practice is not to address legal issues not raised below, absent exceptional circumstances. See Berda v. CBS, Inc., 881 F.2d 20, 28 (3d Cir. 1989). No such exceptional circumstances are present and neither the PUC nor the Senators point to any such circumstances. Moreover, Verizon argues that its England reservation in the Commonwealth Court preserved its federal claims and avoids the preclusive effect of the state court decision. The sufficiency and effect of that reservation is in dispute and should be addressed by the District Court in the first instance.

10

Federal Practice and Procedure S 3914.6 at 529-30; and its denial should be subject to immediate review. See, e.g., Puerto Rico Aqueduct, 506 U.S. at 144 (state sovereign immunity immediately appealable); Mitchell, 472 U.S. at 526 (qualified executive immunity immediately appealable); Larsen v. Senate of Commonwealth of Pennsylvania, 152 F.3d 240, 245 (3d Cir. 1998) (legislative immunity immediately appealable). Defenses to ultimate liability should not be subject to immediate review. See We, Inc. v. City of Philadelphia, 174 F.3d 322, 326 (3d Cir. 1999) (concluding that Noerr-Pennington immunity was defense to liability and not immediately appealable); Transtech, 5 F.3d at 58 (holding that defense that suit barred by prior settlement or release is not immediately appealable).

The fact, however, that a defense may warrant pre-trial dismissal is not dispositive of whether it is immediately appealable. See Digital, 511 U.S. at 873 (rejecting notion that every right that could be enforced by pretrial dismissal can be understood as conferring a right not to stand trial); We, Inc., 174 F.3d at 325 ("Not all defenses that warrant a pretrial dismissal entail a right not to stand trial."). We must determine the essential nature of the right to be protected to decide whether it is an immunity from trial or merely a defense to liability.

An examination of the doctrine res judicata or claim preclusion reveals that it is better understood as a defense against liability, not an absolute guarantee against having to face a suit. Claim preclusion entitles a party to rely on prior judicial decisions and not to be held liable on claims on which that party previously has prevailed. Claim preclusion is based on concerns of fairness, on reliance on the finality of prior judicial determinations, and on the expectation of not having to conform primary conduct to inconsistent decisions and inconsistent legal obligations. See E.E.O.C. v. United States Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (stating that claim preclusion fosters reliance on prior judicial decisions by minimizing the possibility of inconsistent judgments). It is not, however, an explicit guarantee that trial will not occur. Unlike qualified immunity or Eleventh Amendment sovereign immunity, claim preclusion is not based on a right to be free from all

11

the costs and burdens of having to be a party to a case in the first instance or from having to defend oneself.

The interests protected by claim preclusion will not be irretrievably forfeited if the PUC must wait until after trial to appeal an erroneous res judicata determination. Perhaps that vindication will come after a delay and at a higher cost, but such cost is insufficient to establish collateral order doctrine jurisdiction.

We turn now to the denial of the statute of limitations defense. A statute of limitations defense is considered to be of the same mold as claim preclusion. A denial of both is similarly unsuitable for immediate review. See , e.g., Digital, 511 U.S. at 873 (discussing statute of limitations as same type of defense as claim preclusion, both presumptively not immediately appealable as part of a right not to stand trial); Transtech, 5 F.3d at 58 (rejecting immediate appealability of denial of defense that suit barred by settlement because recognizing immediate appeal in that circumstance would require recognizing immediate appeal for litigants asserting affirmative and dispositive defense of statute of limitations).

The statute of limitations defense fails the third prong of the Cohen standard because it is not effectively unreviewable on appeal from final judgment. See Brown v. United States, 881 F.2d 615, 619 (3d Cir. 1988); see also Parmar v. Jeetish Imp., Inc., 180 F.3d 401, 402 (2d Cir. 1999) ("[T]he denial of a statute-of-limitations defense may effectively be reviewed on appeal from a final judgment."); Triad, 10 F.3d at 496 n.2 ("Limitations issues fail the last prong of this test."). In Powers v. Southland Corp., 4 F.3d 223, 237 (3d Cir. 1993), we held that an order joining a party to a lawsuit despite the lapse of the limitations period was not appealable under the collateral order doctrine. We based that decision on our view that the statute of limitations provided only a right to repose that would not be irreparably lost if appeal must await final judgment. See id. at 232–33 (citing United States v. Levine, 658 F.2d 113 (3d Cir. 1981)).

Statutes of limitations are not guarantees that suit and trial will not occur on untimely claims. Limitations periods are designed to foreclose the potential for inaccuracies and

12

unfairness brought about by a finding of liability based on stale evidence. See Powers, 4 F.3d at 233 (quoting Levine, 658 F.2d at 127). This interest is not in defending against an old claim, but an interest in not being held ultimately liable on that old claim based on old, less reliable evidence. Such an interest is not irretrievably lost if a party must wait until after final judgment to appeal the adverse ruling and to vindicate the right to be free from liability. Again, the litigation costs may be increased by the delay, but that alone is insufficient to establish jurisdiction.

III. Conclusion

We will affirm the District Court's denial of the claims of Eleventh Amendment sovereign immunity. We lack appellate jurisdiction of the remainder of the issues on appeal; we will dismiss that portion of the appeal and remand this case to the District Court for further proceedings consistent with this opinion.

13

AMBRO, Circuit Judge, concurring in part:

I concur in Judge Roth's excellent opinion for the same reasons set out in my concurrence in the companion opinion issued today in MCI Telecommunications Corp., et al. v. Bell Atlantic-Pennsylvania, Inc., et al., Nos. 00-2257/58.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

14